NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLEN R. CALDWELL, Jr.,<br><br>            Plaintiff-Appellant,<br><br>   v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>            Defendant-Appellee. | No.    19-17358<br><br>D.C. No. 4:18-cv-03890-JSW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted December 7, 2020**
San Francisco, California

Before:  MURGUIA and CHRISTEN, Circuit Judges, and SESSIONS,*** District Judge.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Glen Caldwell, Jr. appeals the district court's affirmance of the denial of his application for disability benefits and supplemental social security income. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's order affirming a denial of benefits by the Commissioner de novo, *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), and review a Commissioner's decision for legal error and substantial evidence. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (citations and internal quotation marks omitted). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations and internal quotation marks omitted). However, we must consider "the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).

At issue here is whether the ALJ explained with sufficient clarity why both examining physician Dr. Franklin's opinion and Caldwell's testimony concerning

his condition were given little weight. We conclude that the ALJ has failed to do so, and we reverse.

1.     Examining physician[1] Dr. Lesleigh Franklin, Ph.D., signed off on an opinion about the severity of Caldwell's mental health symptoms.  This report included the diagnostic impression that Caldwell suffered from schizoaffective disorder, PTSD, other substance use disorder, relational problems, occupational problems, and low income; it noted functional impairment in visuospatial abilities, immediate memory, delayed memory, attention and concentration, and executive functioning; and it said that Caldwell has neuropsychological impairments "that might be roadblocks to his ability to maintain employment."  The report indicates that Caldwell has marked and extreme limitations on the abilities he would need in order to do work required for unskilled jobs.

An ALJ may reject an examining physician's controverted opinion by providing specific and legitimate reasons supported by substantial evidence, and may reject the uncontroverted opinion of an examining physician by providing clear and convincing reasons supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "An ALJ can satisfy the

---

[1] The Ninth Circuit distinguishes between treating physicians, examining physicians, and nonexamining physicians. *Garrison*, 759 F.3d at 1012 (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). Both parties refer to Dr. Franklin's opinion as an examining source.

'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretations thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). However, "[w]here the purported existence of an inconsistency is squarely contradicted by the record, it may not serve as the basis for the rejection of an examining physician's conclusions." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).

The ALJ gave little weight to Dr. Franklin's opinion for three reasons: (1) "it is overly restrictive and unsupported by the weight of the evidence" where Caldwell's routine mental status findings were "objectively unremarkable"; (2) Caldwell's function reports "show he takes public transportation, shops for food, attends to his appointments, and takes care of his hygiene and grooming" and these activities "indicate that he is more capable in his ability to sustain concentration and pace than determined in this assessment"; and (3) the "ability to be around others at stores and on public transportation" as well as interact appropriately with examiners and office staff "contradict the marked limitation found in the assessment."

We find that the ALJ failed to give specific and legitimate reasons supported by substantial evidence. The ALJ cited broadly to seven exhibits for the conclusion that Caldwell's "routine mental status findings were objectively unremarkable" and

4

gave no further explanation, though the record itself shows several examinations in which other practitioners reported that Caldwell was "not within normal limits" in several areas, and other examinations in which he reported hearing voices or having other symptoms. The Commissioner argues that where the ALJ made earlier findings as to unremarkable mental status examinations, a reviewing court could easily discern the ALJ's reasoning. However, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009). Even assuming that the ALJ's reasoning was easily discernible, however, the ALJ's earlier descriptions of unremarkable status examinations did not take into account the record as a whole, and we cannot affirm based only on the selective evidence that supports the Commissioner. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). Similarly, though the ALJ listed Caldwell's daily activities as a reason to reject Dr. Franklin's opinion because they "indicate that he is more capable in his ability to sustain concentration and pace than determined in this assessment," Caldwell struggled to complete many of the activities listed by the ALJ.[2] Finally, though the

---

[2] The ALJ stated Caldwell attends appointments though he was discharged from Alameda County Behavioral Health Care Services for failing to show up to several appointments in a row and reported confusion on getting his prescriptions. The

5

ALJ concluded that Caldwell's ability to be around others in certain situations contradicted Dr. Franklin's opinion, it is not clear how an ability to sometimes interact with others appropriately contradicts an opinion that acknowledged that Caldwell behaved appropriately during his appointment but concluded that he would not be able to do so for work.

2.      When making a credibility determination, the ALJ must engage in a two-step analysis. *Garrison*, 759 F.3d at 1014. First, the ALJ must determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or symptoms alleged. *Id.* If so, and there is no evidence of malingering, the ALJ may reject the claimant's testimony about the severity of the symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1014-15. "[A]n ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Bray*, 554 F.3d at 1227.

The ALJ erred by rejecting Caldwell's testimony about the severity of his symptoms without providing specific, clear and convincing reasons for doing so. We agree with the district court that the ALJ erred in not making specific findings to support the conclusion that Caldwell's daily activities undercut his subjective

ALJ also listed Caldwell's hygiene and grooming as contradictory to Dr. Franklin's opinion, yet there are examples of poor grooming in the record.

testimony.  Nor was the ALJ's broad statement that Caldwell's work history "raises a question as to whether the claimant's continuing unemployment is actually due to medical impairments" clear and convincing.  Finally, though the ALJ reasoned that "the medical records reveal that the medications have been relatively effective in controlling the claimant's symptoms," other parts of the record indicate only brief periods of improvement. The ALJ thus discounted Caldwell's credibility without sufficient analysis. *See, e.g., Brown-Hunter*, 806 F.3d at 489 ("To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination").

3.      We have considered and reject all other claims raised by Caldwell. Because the issues of Caldwell's credibility and the weight given to Dr. Franklin's opinion are integral to the ALJ's determination of Caldwell's residual functional capacity, we reverse and remand to the Commissioner of Social Security for further determinations consistent with this memorandum disposition.

**REVERSED AND REMANDED**